| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Edith R. Matthai, Esq. (SBN 66730)<br>Natalie A. Kouyoumdjian, Esq. (SBN 175419)<br>T. John Fitzgibbons, Esq. (SBN 238439)<br>Robie & Matthai, APC<br>500 South Grand Avenue, Suite 1500<br>Los Angeles, California 90071<br>Telephone: (213) 706-8000<br>Facsimile: (213) 706-9913<br>E-mail: jfitzgibbons@romalaw.com | **FILED**<br>CLERK, U.S. DISTRICT COURT<br><br>**3/31/16**<br><br>CENTRAL DISTRICT OF CALIFORNIA<br>BY: **CS** _____ DEPUTY |
| ☐ *Individual appearing without attorney*<br>☒ *Attorney for:* Landau Gottfried & Berger LLP | **CV16-2204-DMG** |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA -** SAN FERNANDO VALLEY DIVISION

| In re:<br>KSL MEDIA, INC., et al. | |
|---|---|
| | CASE NO.:1:13-15929-MB<br><br>ADVERSARY NO.:<br>(*if applicable*)<br><br>CHAPTER: 7 |
| Debtor(s). | |
| Plaintiff(s) (*if applicable*).<br><br>vs. | **NOTICE OF APPEAL**<br>**AND STATEMENT OF ELECTION** |
| Defendant(s) (*if applicable*). | |

**Part 1: Identify the appellant(s)**

1.  Name(s) of appellant(s):  LANDAU GOTTFRIED & BERGER LLP _____

2.  Position of appellant(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:

For appeals in an adversary proceeding.
☐ Plaintiff
☐ Defendant
☐ Other (*describe*):

For appeals in a bankruptcy case and not in an  adversary proceeding.
☐ Debtor
☐ Creditor
☐ Trustee
☒ Other (*describe*): FORMER COUNSEL FOR (FORMER) DEBTORS IN POSSESSION, KSL MEDIA, INC., et al.

**Part 2:  Identify the subject of this appeal**

1.  Describe the judgment, order, or decree appealed from:
    ORDER AWARDING SANCTIONS AGAINST LANDAU GOTTFRIED & BERGER LLP PURSUANT TO FED. R. BANKR. P. 9011, including the FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING SANCTIONS AGAINST LANDAU GOTTFRIED & BERGER LLP PURSUANT TO FED. R. BANKR. P. 9011 in support of the Order.

2.  The date the judgment, order, or decree was entered:  03/18/2016

**Part 3:  Identify the other parties to the appeal**

List the names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their attorneys (*attach additional pages if necessary*):

1.  Party:  SEE ATTACHMENT A

    Attorney:

2.  Party:  SEE ATTACHMENT A

    Attorney:

**Part 4:  Optional election to have appeal heard by District Court (applicable only in certain districts)**

If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate Panel will hear this appeal unless, pursuant to 28 U.S.C. § 158(c)(1), a party elects to have the appeal heard by the United States District Court.  If an appellant filing this notice wishes to have the appeal heard by the United States District Court, check below.  Do not check the box if the appellant wishes the Bankruptcy Appellate Panel to hear the appeal.

☒  Appellant(s) elect to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel.

**Part 5:  Sign below**

 /s/ T. JOHN FITZGIBBONS                                                    Date:  03/30/2016
Signature of attorney for appellant(s) (or appellant(s)
if not represented by an attorney)

Fee waiver notice: If appellant is a child support creditor or its representative and appellant has filed the form specified in § 304(g) of the Bankruptcy Reform Act of 1994, no fee is required.

# ATTACHMENT A

## PART 3:  Identify the other parties to the appeal

Party:       Kelley Drye & Warren LLP, Pachulski Stang Ziehl & Jones LLP and
             Province, Inc.

Attorney:    Lisa S. Tsai, Esq.  (SBN 224198)
             William T. Reid IV, Esq. (*pro hac vice*)
             Reid Collins & Tsai LLP
             1301 S. Capital of Texas Hwy, Suite C300
             Austin, Texas 78746
             Telephone:  (512) 647-6100

             Eric D. Madden, Esq. (*pro hac vice*)
             Reid Collins & Tsai LLP
             Thanksgiving Tower
             1601 Elm Street, Suite 4250
             Dallas, Texas 75201
             Telephone:  (212) 420-8900

             David B. Golubchik, Esq. (SBN 185520)
             Levene, Neale, Bender, Yoo & Brill, LLP
             10250 Constellation Boulevard, Suite 1700
             Los Angeles, California  90067
             Telephone:  (310) 229-1234

Lisa S. Tsai (SBN 224198)
William T. Reid IV (*pro hac vice*)
REID COLLINS & TSAI LLP
1301 S. Capital of Texas Hwy, Suite C300
Austin, Texas 78746
Telephone: (512) 647-6100
Facsimile: (512) 647-6129
E-mail: ltsai@rctlegal.com
         wreid@rctlegal.com

Eric D. Madden (*pro hac vice*)
REID COLLINS & TSAI LLP
Thanksgiving Tower
1601 Elm Street, Suite 4250
Dallas, Texas 75201
Telephone: (214) 420-8900
Facsimile: (214) 420-8909
E-mail: emadden@rctlegal.com

David B. Golubchik (SBN 185520)
LEVENE, NEALE, BENDER,
YOO & BRILL LLP
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Email: dbg@lnbyb.com

*Attorneys for Kelley Drye & Warren LLP,*
*Pachulski Stang Ziehl & Jones LLP, and Province, Inc.*

FILED & ENTERED

MAR 18 2016

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY Ogier        DEPUTY CLERK

CHANGES MADE BY COURT

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SAN FERNANDO VALLEY DIVISION**

IN RE:

KSL MEDIA, INC., *et al.*,

Debtors.

☐ Affects KSL Media, Inc.
☐ Affects T.V. 10's, LLC
☐ Affects Fulcrum 5, Inc.
☒ Affects All Debtors

Chapter 7
Case No.: 1:13-15929-MB

Jointly Administered with Case Nos.:
1:13-15930-MB and 1:13-15931-MB
[HON. ALAN M. AHART]

**ORDER AWARDING SANCTIONS**
**AGAINST LANDAU GOTTFRIED &**
**BERGER LLP PURSUANT TO**
**FED. R. BANKR. P. 9011**

[Relates to Docket Nos. 1393, 1395, 1396,
1397, 1398, 1415, 1416, 1459, 1462, 1595,
1653, 1657, 1687, 1740, 1741, 1742, 1756,
1757, 1758, and 1759, 1831, 1832, 1833,
1834, 1835, 1869, and 1870]

Hearing Date:    February 3, 2016
Hearing Time:    2:00 p.m.
Place:           Courtroom 303
                 21041 Burbank Blvd.
                 Woodland Hills, CA

A continued hearing was held on February 3, 2015, at 2:00 p.m., before the Honorable Alan M. Ahart, United States Bankruptcy Judge, to consider appropriate sanctions to be awarded in connection with the Motion for Sanctions Against Landau Gottfried & Berger LLP (collectively, the "Motion") filed by Kelley Drye & Warren LLP ("KDW"), special counsel to the chapter 7 trustee in the above-captioned bankruptcy cases (the "Trustee"), Pachulski Stang Ziehl & Jones LLP ("PSZJ"), general counsel to the Trustee, and Province, Inc. ("Province," together with KDW and PSZJ, the "Movants"), financial advisor to the Trustee.[1]  Appearances were as set forth on the Court's record.

Based upon the record, the Court's review and consideration of the Motion and supporting declarations, the opposition to the Motion and supporting declarations filed by Landau Gottfried & Berger LLP ("Landau"),[2] the reply thereto and supporting declarations,[3] the Brief Regarding Appropriate Sanctions to Be Imposed Against Landau Gottfried & Berger LLP and supporting declarations filed by the Movants,[4] Landau's Brief Regarding Appropriate Sanctions Under Fed. R. Bankr. P. 9011(c) and supporting declarations filed by Landau,[5] the reply thereto and supporting declarations,[6] **Landau's Request That Court Strike Unauthorized Reply And Declaration Of Eric D. Madden In Support Of That Reply**,[7] and having considered the arguments of counsel at the hearing, having determined that Landau violated Federal Rule of Bankruptcy Procedure 9011(b)(1), (b)(2), and (b)(3)[8] in connection with Landau's opposition[9] to certain fee applications filed by the Movants,[10] and having found that notice of the Motion was adequate, appropriate, and properly served under the circumstances and no further notice was necessary, and good cause appearing therefor,

---

[1] *See* Docket No. 1687.

[2] *See* Docket No. 1740, 1741, 1742, and 1743.

[3] *See* Docket Nos. 1756, 1757, 1758, and 1759.

[4] *See* Docket Nos. 1831, 1832, 1833, 1834, and 1835.

[5] *See* Docket Nos. 1869 and 1870.

[6] *See* Docket Nos. 1882 and 1883.

[7] *See* **Docket No. 1889.**

[8] *See* Docket No. 1826.

[9] *See* Docket Nos. 1415 and 1416.

[10] *See* Docket Nos. 1393, 1395, 1396, 1397, and 1398.

IT IS HEREBY ORDERED:

1.      Sanctions in the amount of $100,000.00, which the Court finds are warranted for effective deterrence, are awarded against Landau and in favor of the Movants under Fed. R. Bankr. P. 9011(c)(2).

2.      In addition to the foregoing sanctions, attorney's fees and expenses in the amount of $207,934.81 ($244,629.19 requested less 15% reduction pursuant to the Court's ruling), which the Court finds are reasonable and warranted, are awarded against Landau and in favor of the Movants as the prevailing parties under Fed. R. Bankr. P. 9011(c)(1)(A).

~~3.~~      Landau shall pay all amounts awarded to the Movants, in the aggregate principal amount of $307,934.81~~, no later than 14 days after the Court has entered this order.~~

~~4.~~      ~~Landau shall pay interest on all amounts awarded to the Movants as provided for in 28 U.S.C. § 1961(a).~~

5.      Pursuant to Fed. R. Bankr. P. 9011(c)(1)(3), the Court will issue findings of fact and conclusions of law describing the conduct determined to constitute a violation of Rule 9011 and explain the basis for the sanctions imposed.

6.      **Landau's Request That Court Strike Movant's Unauthorized Reply And Declaration Of Eric D. Madden In Support Of That Reply To Landau Gottfried & Berger LLP's Brief Regarding Appropriate Sanctions Under Fed. R. Bankr. P. 9011(c) (Dkt. No. 1889) is GRANTED**.

# # #

Date: March 18, 2016

Alan M. Ahart
United States Bankruptcy Judge

2

FILED & ENTERED

MAR 18 2016

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY Ogier        DEPUTY CLERK

CHANGES MADE BY COURT

1  Lisa S. Tsai (SBN 224198)
   William T. Reid IV (*pro hac vice*)
2  REID COLLINS & TSAI LLP
   1301 S. Capital of Texas Hwy, Suite C300
3  Austin, Texas  78746
   Telephone:  (512) 647-6100
4  Facsimile:   (512) 647-6129
   E-mail:  ltsai@rctlegal.com
5          wreid@rctlegal.com

6  Eric D. Madden (*pro hac vice*)
   REID COLLINS & TSAI LLP
7  Thanksgiving Tower
   1601 Elm Street, Suite 4250
8  Dallas, Texas 75201
   Telephone:  (214) 420-8900
9  Facsimile:   (214) 420-8909
   E-mail:  emadden@rctlegal.com
10

   David B. Golubchik (SBN 185520)
   LEVENE, NEALE, BENDER,
   YOO & BRILL LLP
   10250 Constellation Boulevard, Suite 1700
   Los Angeles, California 90067
   Telephone: (310) 229-1234
   Facsimile: (310) 229-1244
   Email:  dbg@lnbyb.com

11 *Attorneys for Kelley Drye & Warren LLP,*
   *Pachulski Stang Ziehl & Jones LLP, and Province, Inc.*

12              **UNITED STATES BANKRUPTCY COURT**
                **CENTRAL DISTRICT OF CALIFORNIA**
13              **SAN FERNANDO VALLEY DIVISION**

14 IN RE:

15 KSL MEDIA, INC., *et al.*,

16             Debtors.

17

18

19 ☐  Affects KSL Media, Inc.

20 ☐  Affects T.V. 10's, LLC

21 ☐  Affects Fulcrum 5, Inc.

   ☒  Affects All Debtors
22

23

24

25

26

27

28

Chapter 7
Case No.: 1:13-15929-MB

Jointly Administered with Case Nos.:
1:13-15930-MB and 1:13-15931-MB
[HON. ALAN M. AHART]

**FINDINGS OF FACT AND
CONCLUSIONS OF LAW REGARDING
SANCTIONS AGAINST LANDAU
GOTTFRIED & BERGER LLP
PURSUANT TO FED. R. BANKR. P. 9011**

[Relates to Docket Nos. 1393, 1395, 1396,
1397, 1398, 1415, 1416, 1459, 1462, 1595,
1653, 1657, 1687, 1740, 1741, 1742, 1756,
1757, 1758, and 1759, 1831, 1832, 1833,
1834, 1835, 1869, and 1870]

Hearing Date:    February 3, 2016
Hearing Time:    2:00 p.m.
Place:           Courtroom 303
                 21041 Burbank Blvd.
                 Woodland Hills, CA

**Procedural Background**

1.      On September 17, 2015, Kelley Drye & Warren LLP ("KDW"), special counsel to the chapter 7 trustee in these bankruptcy cases (the "Trustee"), Pachulski Stang Ziehl & Jones LLP ("PSZJ"), general counsel to the Trustee, and Province, Inc. ("Province"), financial advisor to the Trustee, filed a Motion for Sanctions Against Landau Gottfried & Berger LLP Pursuant to Fed. R. Bankr. P. 9011 (the "Rule 9011 Motion") (Docket No. 1687).  In the Rule 9011 Motion, KDW, PSZJ, and Province (collectively, the "Movants") requested that sanctions be imposed against Landau Gottfried & Berger LLP ("Landau") related to its objections to certain fee applications filed by the Movants.

2.      On December 9, 2015, the Court entered an Order Granting Motion for Sanctions Against Landau Gottfried & Berger LLP Pursuant to Fed. R. Bankr. P. 9011 (Docket No. 1826). Specifically, the Court:  (a) determined that Landau had violated Federal Rule of Bankruptcy Procedure 9011(b)(1), (2), and (3); (b) granted the Rule 9011 Motion; and (c) scheduled a continued hearing to determine the appropriate sanctions to be imposed against Landau.

3.      On February 3, 2016, the Court held the continued hearing to determine the appropriate sanctions to be imposed against Landau.  Appearances for Landau and the Movants were as set forth on the Court's record.  Based upon the record, the Court's review and consideration of the Rule 9011 Motion and supporting declarations, the opposition to the Rule 9011 Motion and supporting declarations filed by Landau, the reply thereto and supporting declarations, the Brief Regarding Appropriate Sanctions to Be Imposed Against Landau Gottfried & Berger LLP and supporting declarations filed by the Movants, Landau's Brief Regarding Appropriate Sanctions Under Fed. R. Bankr. P. 9011(c) and supporting declarations filed by Landau, the reply thereto and supporting declarations, and having considered the arguments of counsel at the hearing, the Court hereby makes the following findings of fact and conclusions of law, pursuant Fed. R. Bankr. P. 7052 (incorporating Fed. R. Civ. P. 52) and Local Bankruptcy Rule 7052-1.

**Findings of Fact**

1.     On September 11, 2013, KSL Media, Inc. ("<u>KSL</u>"), T.V. 10's LLC ("<u>TV 10's</u>"), and Fulcrum 5 ("<u>Fulcrum</u>," together with KSL and TV 10's, the "<u>Debtors</u>") filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code, which cases were being jointly administered under Case No. 1:13-bk-15929-AA in this Court.

2.     Landau was employed as counsel to the Debtors in the Chapter 11 cases.

3.     PSZJ was employed as counsel to the Official Committee of Unsecured Creditors (the "<u>Committee</u>") in the Chapter 11 cases. Province was employed as financial advisor to the Committee in the Chapter 11 cases.

4.     On December 27, 2013, the U.S. Trustee filed a motion to appoint a Chapter 11 trustee in the Chapter 11 cases (Docket No. 416).

5.     On December 30, 2013, prior to a hearing on the U.S. Trustee's motion, Landau, on behalf of the Debtors, filed motions to convert the Chapter 11 cases to Chapter 7 cases (Docket No. 427 in KSL's case, Docket No. 49 in TV 10's case, and Docket No. 53 in Fulcrum's case). The Court immediately entered orders converting the cases to Chapter 7 of the Bankruptcy Code (Docket Nos. 430, 51, and 55, respectively).

6.     On December 30, 2013, the U.S. Trustee appointed the Trustee in each of the Chapter 7 cases (Docket Nos. 433, 52, and 56, respectively). The Chapter 7 cases continued to be jointly administered under Case No. 1:13-bk-15929-AA in this Court.[1]

7.     On January 22, 2014, the Trustee filed applications to employ PSZJ as his counsel, and Province as his financial advisor, in the Chapter 7 case (Docket Nos. 473 and 475). **<u>No objections were filed as to these applications on behalf of any party.</u>** ~~Landau did not file any objection to these applications~~. The Court subsequently entered orders approving these applications (Docket Nos. 532 and 533).

8.     On June 11, 2014, PSZJ and Province filed first interim applications fee applications for the Chapter 7 case (Docket Nos. 654 and 655). Landau did not file any

---

[1] Following Judge Ahart's retirement in April 2015, the Chapter 7 cases were, and continue to be, jointly administered under Case No. 1:13-bk-15929-MB. This matter, however, was reassigned to Judge Ahart following Judge Barash's recusal in September 2015 (Docket No. 1674).

objection to these fee applications.  The Court subsequently entered orders approving these fee

applications (Docket Nos. 688 and 689).

9.    On September 12, 2014, the Trustee filed an application to employ KDW as

special counsel in order to, among other things, evaluate the conduct of the Debtors and other

parties-in-interest, including their professionals, in the Chapter 11 case (Docket No. 734).  **No

objections were filed as to this application on behalf of any party.** ~~Landau did not file any

objection to this application.~~  The Court subsequently entered an order approving this

application (Docket No. 861).

10.    On July 22, 2015, the Movants filed the following fee applications:  (a) PSZJ's

final fee application for the Chapter 11 case (Docket No. 1395); (b) Province's final fee

application for the Chapter 11 case (Docket No. 1397); (c) KDW's first interim fee application

for the Chapter 7 case (Docket No. 1393); (d) PSZJ's second interim fee application for the

Chapter 7 case (Docket No. 1396); and (e) Province's second interim fee application for the

Chapter 7 case (Docket No. 1398).

11.    On July 29, 2015, Landau filed **omnibus** objections to those fee applications

(collectively, the "Objections"), alleging that the Movants had acted improperly and/or in

derogation of their respective obligations to the estates and their creditors (Docket Nos. 1415

and 1416).  Landau further alleged that the Movants "should not be paid anything" for their

services and should be the subject of an "independent" investigation (Docket Nos. 1415 and

1416).

12.    On August 26, 2015, the Movants served Landau with a draft motion for

sanctions pursuant to Federal Rule of Bankruptcy Procedure 9011(c)(1)(A), alleging that the

Objections were:  (a) legally baseless because Landau lacked standing to object to the fee

applications; (b) legally baseless because a prior stipulation estopped Landau from taking a

contrary position in the Objections; (c) factually baseless in several respects; and (d) filed for

the improper purpose of thwarting the Trustee's investigation into Landau's own conduct

(Docket No. 1687 at 11).

13.    Landau did not withdraw the Objections within the 21-day "safe harbor" period

under Rule 9011.  Instead, Landau filed more than 120 pages of "supplemental" briefing, evidence, and evidentiary objections in support of the Objections (Docket Nos. 1595, 1606, 1607, 1609, 1610, 1611, and 1612).

14.    On September 16, 2015, the Court issued its tentative ruling on the fee applications and the Objections, stating that the Court:  (a) would approve the fee applications subject to a 15% holdback; (b) would overrule the Objections, noting that Landau had "fail[ed] to articulate any factual or legal basis to disallow fees or vacate the order[s] employing" the Movants for the Chapter 7 case; and (c) would not require any appearances at the September 17th hearing on the fee applications and the Objections.

15.    After the tentative ruling, Landau could have withdrawn the Objections and avoided any risk of sanctions because the 21-day "safe harbor" period under Rule 9011 had not yet expired.  Landau, however, did not withdraw the Objections.

16.    On September 17, 2015, at the hearing on the Objections, the Court stated that it would grant the fee applications as indicated in its tentative ruling (Docket No. 1696 at 53:2-5). The Court later entered orders, which:  (a) approved the fee applications filed by the Movants; (b) overruled the Objections filed by Landau; and (c) stated that the Objections "failed to articulate any factual or legal basis to disallow fees or vacate the order[s] employing" the Movants for the Chapter 7 case (Docket Nos. 1736 and 1752).

17.    On September 17, 2015, shortly before the hearing on the Objections, the Movants filed the Rule 9011 Motion (Docket No. 1687).  The Court set the Rule 9011 Motion for hearing on November 19, 2015.

18.    In October 2015, the Movants reached out to Landau on two occasions in an effort to resolve the Rule 9011 Motion.  First, on October 2, 2015, the Movants proposed a six-week "standstill" in order to discuss a settlement (Docket No. 1833 ¶ 3).  Second, on October 12, 2015, the Movants again proposed engaging in a settlement dialogue (Docket No. 1832 ¶ 8). Landau did not respond to either proposal (Docket No. 1832 ¶ 8; Docket No. 1833 ¶ 3).

19.    On November 19, 2015, at the hearing on the Rule 9011 Motion, the Court stated that it was:  (a) granting the Rule 9011 Motion; (b) finding that Landau violated Rule

4

1    9011(b)(1), (2), and (3) in connection with its Objections; and (c) setting a briefing schedule

2    and subsequent hearing to determine the appropriate sanctions to be imposed against Landau

3    under Rule 9011 (Docket No. 1810 at 55:4-8). The Court later entered an order to this effect

4    (Docket No. 1826).

5         20.    The Court finds that Landau filed the Objections for an improper purpose,

6    including to cause unnecessary delay and to thwart the Trustee's investigation into Landau's

7    own conduct, because: (a) the Objections were premised on alleged events in October and

8    November 2013; (b) neither Province nor KDW had any involvement in the alleged events; (c)

9    ~~PSZJ's involvement, if any, in the alleged events was resolved by a court-approved stipulation~~

10   ~~signed by Landau in November 2013; (d)~~ despite multiple opportunities to do so, Landau never

11   raised any concerns about the alleged events for nearly two years; and ~~(e)~~ **(d)** Landau raised its

12   concerns about the alleged events only after the Trustee commenced his investigation into

13   Landau's conduct during the Chapter 11 case. The Court notes that the U.S. Trustee expressed

14   similar concerns that the Objections were filed for an improper purpose (Docket No. 1696 at

15   9:4-5 and 13:21-14:2).

16   ~~21.    The Court finds that Landau did not have a pecuniary interest in the outcome of~~

17   ~~the Court's decision on the fee applications. First, Landau failed to show any actual or~~

18   ~~imminent risk that the Chapter 7 estates, which have approximately $30 million in~~

19   ~~unencumbered cash, would become administratively insolvent. Second, Landau failed to show~~

20   ~~any reasonable possibility that the Chapter 7 estates, which are subject to approximately $100~~

21   ~~million in unsecured claims, would have a surplus available for subordinated claims.~~

22   ~~Accordingly, the Court's decision on the fee applications would not affect any pecuniary~~

23   ~~interest that Landau might have as either an administrative or subordinated creditor in this case.~~

24   ~~22.    The Court finds that Landau previously raised some of the alleged events~~

25   ~~underlying the Objections in the Chapter 11 case (Docket No. 230), but Landau nonetheless~~

26   ~~executed a stipulation in November 2013 stating that PSZJ held no adverse interest based upon~~

27   ~~those alleged events (Docket No. 237). The Court further finds that Landau, despite executing~~

28   ~~the stipulation on behalf of the Debtors, shared an identity of interests with the Debtors and~~

~~substantially participated in and/or directed their execution of the stipulation.  Ms. Miller-Allen,~~
~~the sole decision-maker for the Debtors, testified that she relied extensively on Landau's advice~~
~~with respect to positions the Debtors took vis-à-vis the Committee and, in particular, PSZJ~~
~~(Docket No. 1759, Ex. B at 123:15-20, 133:20-137:17, 145:16-146:3).~~

23.     The Court finds that the Objections were not well-grounded in fact.  Landau
failed to articulate any factual basis to disallow fees for the Chapter 7 case.  And Landau failed
to present any evidence that would suggest that the Movants acted improperly or in derogation
of their respective obligations to the estates and their creditors during the Chapter 7 or Chapter
11 cases.  Even Landau admitted that it failed to present facts sufficient to allow the Court to
grant the Objections (Docket No. 1740 at 2) ("[A]s the Fee Objection makes clear, [Landau] did
not contend that it had presented facts sufficient to enable the Court, without more, to rule in its
favor.").[2]

### Conclusions of Law

1.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and
1334.

2.     Federal Rule of Bankruptcy Procedure 9011 imposes on attorneys "the obligation
to insure that all submissions to a bankruptcy court are truthful and for proper litigation
purposes."  *Miller v. Cardinale (In re DeVille)*, 361 F.3d 539, 543 (9th Cir. 2004).  Specifically,
pursuant to Rule 9011(b), attorneys certify the following with respect to each filing with the
bankruptcy court:

- "[I]t is not being presented for any improper purpose, such as to harass or
to cause unnecessary delay or needless increase in the cost of litigation;"

- "[T]he claims, defenses, and other legal contentions therein are warranted
by existing law or by a nonfrivolous argument for the extension,
modification, or reversal of existing law or the establishment of new law;"
and

- "[T]he allegations and other factual contentions have evidentiary support
or, if specifically so identified, are likely to have evidentiary support after

[2] To the extent that any of the foregoing findings of fact is more appropriately construed as a conclusion of law, it shall be deemed and construed as such.

a reasonable opportunity for further investigation or discovery."

Fed. R. Bankr. P. 9011(b)(1)-(b)(3).

3.      The Court concludes that Landau violated Rule 9011(b)(1) because the Objections were filed for an improper purpose, including to cause unnecessary delay and to thwart the Trustee's investigation into Landau's own conduct.

4.      The Court concludes that Landau violated Rule 9011(b)(2) because the Objections were legally baseless in the following respects: (a) Landau failed to articulate any legal basis to disallow fees for the Chapter 7 case; ~~(b) Landau lacked standing to object to the fee applications for the Chapter 7 or Chapter 11 cases; and (c) Landau was estopped from asserting that PSZJ had a conflict of interest based on the stipulation that Landau signed in November 2013~~.

~~5.      Standing is a threshold issue in every federal court.  *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).  And it is especially important in bankruptcy court, "where clouds of person indirectly affected by the acts and entitlements of others may buzz about, delaying final resolution of cases."  *In re Deist Forest Prods., Inc.*, 850 F.2d 340, 341 (7th Cir. 1988).  To have standing in bankruptcy court, a party must have a "pecuniary interest" in the outcome of the decision.  *In re Suk Kim*, No. 06-00157, 2010 WL 148635, at \*6 (Bankr. D. Haw. Jan. 14, 2010).  That interest, moreover, must be subject to an injury that is "actual or imminent, not conjectural or hypothetical."  *Lujan*, 504 U.S. at 560 (internal quotations omitted).  Most importantly, "the party asserting standing bears the burden of proving it."  *Hasso v. Mozsgai (In re La Sierra Fin. Servs., Inc.)*, 290 B.R. 718, 726 (B.A.P. 9th Cir. 2002) (citing *Bennett v. Spear*, 520 U.S. 154, 167-68 (1997)).~~

~~6.      Landau failed to carry its burden of proof with respect to standing.  Specifically, Landau failed to show that it had a pecuniary interest in the outcome of the Court's decision on the fee applications as either an administrative or subordinated creditor.  *See, e.g.*, *In re Mushroom Transp. Co., Inc.*, 486 B.R. 148, 154 (Bankr. E.D. Pa. 2013) (where estate had sufficient assets to pay administrative claimants in full, former debtor's counsel lacked requisite "pecuniary interest" needed to challenge fee application).~~

7

7.      Landau executed the court-approved stipulation on behalf of the Debtors.  Under Ninth Circuit law, privity exists "where the interests of the nonparty and party are so closely aligned as to be virtually representative."  *U.S. v. Schimmels (In re Schimmels)*, 127 F.3d 875, 881 (9th Cir. 1997) (internal quotations omitted).  An attorney-client relationship is sufficient to establish privity where, as here, the only reason for the attorney's subsequent appearance is by virtue of its representation of its client in a prior proceeding.  *See, e.g.*, *Agha-Khan v. U.S.*, No. 1:15-cv-00042-AWI, 2015 WL 5734380, at *5 (E.D. Cal. Sept. 29, 2015).  Other factors that weigh in favor of a finding of virtual representation include:  (a) whether the attorney substantially participated in or controlled the client's decision; and (b) whether the attorney and client shared an identity of relevant interests.  *See, e.g.*, *Irwin v. Mascott*, 370 F.3d 924, 930 (9th Cir. 2004) ("Substantial participation or control by the non party in the named party's suit weighs heavily in favor of a finding of virtual representation."); *Milton H. Greene Archives, Inc. v. CMG Worldwide, Inc.*, 568 F. Supp. 2d 1152, 1190 (C.D. Cal. 2008) (identifying factors relevant to the virtual representation inquiry, including "whether the parties share an identity of relevant interests").

8.      Landau, which shared an identity of interests with the Debtors and substantially participated in and/or directed their execution of the stipulation, was bound by the court-approved stipulation that Landau signed in November 2013.  Accordingly, Landau was estopped from asserting that PSZJ had a conflict of interest in the Objections.  *See, e.g.*, *In re TenX BioPharma, Inc.*, No. 10-18968 (JKF), 2012 WL 4336145, at *5 (Bankr. E.D. Pa. Sept. 21, 2012) (debtor judicially estopped from taking directly contrary positions when it suited its interests); *In re Hurst Lincoln Mercury, Inc.*, 80 B.R. 894, 895 (Bankr. S.D. Ohio 1987) (where creditor previously withdrew objections to debtor counsel's retention, creditor estopped from objecting to counsel's fee application on same grounds).

9.      The Court concludes that Landau violated Rule 9011(b)(3) because the Objections were not well-grounded in fact.

10.      The Court, having determined that Landau violated Rule 9011(b)(1), (2), and (3), may impose an appropriate sanction upon Landau pursuant to Rule 9011(c).  Specifically, Rule

9011(c)(2) states:

> A sanction imposed for violation of this rule shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated. . . . [T]he sanction may consist of, or include, directives of a nonmonetary nature, an order to pay a penalty into court, or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of some or all of the reasonable attorney's fees and other expenses incurred as a direct result of the violation.

Fed. R. Bankr. P. 9011(c)(2).

11. The Court must consider what sanctions would be sufficient to deter not only Landau, but also "comparable conduct by others similarly situated" in other cases. *Id.* It is unlikely that the prospect of a small monetary sanction would stop litigants from filing frivolous fee objections in multimillion-dollar or more bankruptcy cases in order to gain a tactical advantage or to force some concessions by their adversaries. ~~Indeed, that appears to be exactly what Landau intended to accomplish with its Objections.~~ This factor, therefore, weighs in favor of imposing a more substantial sanction here.

12. The Court may consider the experience and motive of Landau in determining appropriate sanctions. *See* Fed. R. Civ. P. 11 advisory committee notes to 1993 amendment (stating that the court may consider "whether the improper conduct was willful, or negligent," and "whether the responsible person is trained in the law"). Landau states on its website that the firm is "a pre-eminent litigation and insolvency boutique." Thus, this factor weighs in favor of imposing a more substantial sanction here.

13. The Court may consider the financial wherewithal of Landau in determining appropriate sanctions. *See In re Eighty S. Lake, Inc.*, 63 B.R. 501, 510 (Bankr. C.D. Cal. 1986), *aff'd*, 81 B.R. 580 (B.A.P. 9th Cir. 1987) ("The greater the means an attorney has to pay sanctions, the greater the award must be to deter such future behavior and vice versa."). Landau is a "pre-eminent" bankruptcy firm comprised of 17 lawyers with relatively high hourly billing rates. This factor weighs in favor of imposing a more substantial sanction here.

14. The Movants incurred $198,502.50 in total fees as a direct result of Landau's violations of Rule 9011(b), but the Movants requested only $158,802.00—or 80% of the total

fees incurred—as sanctions (Docket 1831 at 15). The Movants also requested their expenses
totaling $8,884.96, for a total of $167,686.96 (Docket 1831 at 15). The Court concludes that an
award of $100,000.00 of these reasonable fees and expenses is warranted for effective
deterrence and is an appropriate sanction under Rule 9011(c)(2). Accordingly, sanctions in the
amount of $100,000.00 are awarded against Landau and in favor of the Movants under Rule
9011(c)(2).

15. In addition, pursuant to Rule 9011(c)(1)(A), the Court may award reasonable
attorney's fees and expenses incurred by the Movants in pursuing the Rule 9011 Motion. These
motion-related fees may be awarded simply "if warranted." Fed. R. Bankr. P. 9011(c)(1)(A).
Such an award "is not a sanction." *Williams v. Living Hope Southeast, LLC (In re Living Hope
Southwest Med. Servs., LLC)*, 525 B.R. 95, 105 (B.A.P. 8th Cir. 2015); *see also Harara v.
ConocoPhillips Co.*, No. C04-0515 BZ, 2005 WL 240773, at *2 (N.D. Cal. Jan. 27, 2005)
(awarding motion-related fees, but "not as a sanction"). Rather, it is a result of the "fee-shifting
provision" in subsection (c)(1). *Williams*, 525 B.R. at 107; *see also Advanced Multilevel
Concepts v. Stalt, Inc.*, No. 11-6679-SC, 2012 WL 3249512, at *1 (N.D. Cal. Aug. 7, 2012)
(referring to this subsection in Rule 11 as a "fee-shifting provision"). Because an award under
this fee-shifting provision is not a sanction, it is not subject to the limitations of Rule
9011(c)(2), including the deterrence limitation. *See Williams*, 525 B.R. at 105-06.

16. The Movants incurred $244,629.19 in fees and expenses in preparing and
pursuing the Rule 9011 Motion (Docket 1831 at 17-18). The Court concludes that an award of
$207,934.81 of these reasonable fees and expenses is warranted under Rule 9011(c)(1)(A).
Accordingly, reasonable attorney's fees and expenses in the amount of $207,934.81 are awarded
against Landau and in favor of the Movants under Rule 9011(c)(1)(A).

17. Landau shall pay all amounts awarded to the Movants. ~~no later than 14 days after
the Court has entered its order awarding sanctions against Landau. Landau shall pay interest on
all amounts awarded to the Movants pursuant to 28 U.S.C. § 1961(a). *See, e.g., NCNB Tex.
Nat'l Bank v. A.S.M., Inc.*, 110 B.R. 802, 806 (Bankr. W.D. Tex. 1990) (stating that Rule 9011~~

sanctions are subject to post-judgment interest under 28 U.S.C. § 1961).[3]

#### 

Date: March 18, 2016

Alan M. Ahart
United States Bankruptcy Judge

---

[3] To the extent that any of the foregoing conclusions of law is more appropriately construed as a finding of fact, it shall be deemed and construed as such.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

500 SOUTH GRAND AVENUE, SUITE 1500
LOS ANGELES, CALIFORNIA  90071

A true and correct copy of the foregoing document entitled: **NOTICE OF APPEAL AND STATEMENT OF ELECTION**
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in
the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
 03/30/2016  , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the
following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*)  03/30/2016  , I served the following persons and/or entities at the last known addresses in this bankruptcy
case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail,
first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the
judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (<u>state method
for each person or entity served</u>):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 03/30/2016  , I served the
following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is
filed.

Honorable Alan M. Ahart
United States Bankruptcy Court
Central District of California
21041 Burbank Boulevard, Suite 216D
Woodland Hills, California  91367

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 03/30/2016 | JULIE D. LONTOK | *Julie D. Lontok* |
| *Date* | *Printed Name* | *Signature* |

---

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF) (continued)**:

- **Allison R Axenrod**    allison@claimsrecoveryllc.com
- **James C Behrens**    jbehrens@greenbergglusker.com, kwoodson@ggfirm.com;calendar@ggfirm.com
- **Michael V Blumenthal**    michael.blumenthal@tklaw.com, alisa.brenes@tklaw.com
- **Wanda Borges**    ecfcases@borgeslawllc.com
- **Jennifer L. Braun**  Jennifer.l.braun@usdoj.gov
- **Kayla D Britton**    kayla.britton@faegrebd.com
- **Andrew W Caine**    acaine@pszjlaw.com
- **Howard Camhi**    hcamhi@ecjlaw.com, kanthony@ecjlaw.com
- **Gary O Caris**    gary.caris@dentons.com, chris.omeara@dentons.com
- **Sara Chenetz**    schenetz@perkinscoie.com, dlax@perkinscoie.com
- **Jeff Cohen**    JC@SouthpawAsset.com
- **Vincent M Coscino**    vcoscino@allenmatkins.com, jaallen@allenmatkins.com
- **Natalie B. Daghbandan**    natalie.daghbandan@bryancave.com, raul.morales@bryancave.com;theresa.macaulay@bryancave.com
- **Jon L Dalberg**    jdalberg@lgbfirm.com, kalandy@lgbfirm.com;rspahnn@lgbfirm.com;srichmond@lgbfirm.com;cboyias@lgbfirm.com
- **Ted A Dillman**    Ted.dillman@lw.com
- **Tyler R Dowdall**    tdowdall@erlaw.com
- **Jeffrey W Dulberg**    jdulberg@pszjlaw.com
- **Robert K Edmunds**    robert.edmunds@bipc.com, lisa.largent@bipc.com
- **Lei Lei Wang Ekvall**    lekvall@swelawfirm.com, csheets@swelawfirm.com;gcruz@swelawfirm.com;hdavis@swelawfirm.com
- **Mark D Estle**    mark.estle@buckleymadole.com
- **Jeremy Faith**  Jeremy@marguliesfaithlaw.com,  Helen@marguliesfaithlaw.com, Noreen@marguliesfaithlaw.com, Victoria@marguliesfaithlaw.com, brian@marguliesfaithlaw.com
- **Lisa Hill Fenning**  lisa.fenning@areporter.com, jean.kellett@areporter.com
- **Stacy L Foster**    sfoster@btlaw.com, lharrison@btlaw.com
- **Joseph D Frank**    jfrank@fgllp.com, rheiligman@fgllp.com;ccarpenter@fgllp.com;jkleinman@fgllp.com
- **Michael A Friedman**    mfriedman@gjb-law.com, gjbecf@gjb-law.com
- **Mary L Fullington**    lexbankruptcy@wyattfirm.com, pwest@wyattfirm.com
- **Thomas M Gaa**    tgaa@bbslaw.com
- **Amir Gamliel**    agamliel@perkinscoie.com, cmallahi@perkinscoie.com
- **Scott F Gautier**    sgautier@robinskaplan.com
- **Fredric Glass**    fglass@fairharborcapital.com
- **Paul R Glassman**    pglassman@sycr.com
- **Matthew A Gold**    courts@argopartners.net
- **David B Golubchik**    dbg@lnbyb.com, dbg@ecf.inforuptcy.com
- **David Keith Gottlieb (TR)**    dkgtrustee@dkgallc.com, dgottlieb@ecf.epiqsystems.com,rjohnson@dkgallc.com,akuras@dkgallc.com
- **Aaron C Gundzik**    agundzik@gghslaw.com, sforster@gghslaw.com
- **Mary H Haas**  maryhaas@dwt.com, melissastrobel@dwt.com, laxdocket@dwt.com
- **John V Hager**  mail@hdlaw.com, kcallahan@hdlaw.com
- **Lesley A Hawes**    lesley.hawes@dentons.com, chris.omeara@dentons.com
- **Emil W Herich**    eherich@kilpatricktownsend.com, acaviles@kilpatricktownsend.com;tmeyers@kilpatricktownsend.com;sramsey@kilpatricktownsend.com
- **Marsha A Houston**    mhouston@reedsmith.com
- **Peter L Isola**    PIsola@hinshawlaw.com
- **Robbin L Itkin**    ritkin@linerlaw.com, cbullock@linerlaw.com
- **Lawrence M Jacobson**    lmj@gfjlawfirm.com

- **Gregory K Jones** Gjones@dykema.com,cperez@dykema.com
- **Crystal Johnson**    M46380@ATT.COM
- **Christian A Jordan**    cjordan@btlaw.com, tpearsall@btlaw.com
- **Jeff D Kahane**    jkahane@duanemorris.com
- **Steven J Kahn**    skahn@pszyjw.com
- **Ivan L Kallick**    ikallick@manatt.com, ihernandez@manatt.com
- **Katherine Kane** kkane@kanelaw.com
- **Doah Kim**    Doah.Kim@LewisBrisbois.com, Monique.Talamante@LewisBrisbois.com
- **Jeffrey A Krieger**    jkrieger@ggfirm.com,
  kwoodson@greenbergglusker.com;calendar@greenbergglusker.com;jking@greenbergglusker.com
- **Herbert Kunowski**    Herbert.Kunowski@wilsonelser.com
- **David S Kupetz**    dkupetz@sulmeyerlaw.com,
  dperez@sulmeyerlaw.com;dperez@ecf.inforuptcy.com;dkupetz@ecf.inforuptcy.com
- **Robert S Lampl**    advocate45@aol.com
- **Jennifer A Landau**    jlandau@lgbfirm.com, cboyias@lgbfirm.com
- **Rodger M Landau**    rlandau@lgbfirm.com, kalandy@lgbfirm.com
- **Mary D Lane**    mal@msk.com, mec@msk.com
- **Paul J Laurin**    plaurin@btlaw.com, slmoore@btlaw.com;pjacobi@btlaw.com;cjordan@btlaw.com
- **Ira M Levee**    ilevee@lowenstein.com, ehorn@lowenstein.com
- **Ganna Liberchuk**    gliberchuk@haincapital.com
- **Richard M Lorenzen**    RLorenzen@perkinscoie.com, KHardy@perkinscoie.com
- **Scotta E McFarland**    smcfarland@pszjlaw.com, smcfarland@pszjlaw.com
- **Neeta Menon**    nmenon@btlaw.com
- **James P Menton**    JPMenton@rkmc.com
- **Maria Ann Milano** mmilano@riddellwilliams.com
- **William K Mills** mills@parkermillsllp.com, sally@parkermillsllp.com
- **Kerry A. Moynihan**    kerry.moynihan@bryancave.com,
  apameh.vaziri@bryancave.com;raul.morales@bryancave.com;brittany.reynolds@bryancave.com
- **Alan I Nahmias**    anahmias@mbnlawyers.com, jdale@mirmanbubman.com
- **Vahid Naziri**    vnaziri@anhlegal.com, matthew@anhlegal.com
- **Jeffrey P Nolan**    jnolan@pszjlaw.com
- **Abigail V O'Brient**    avobrient@mintz.com, docketing@mintz.com
- **Matthew Ochs**    mjochs@hollandhart.com, sjohnson@hollandhart.com
- **Robert J Parks**    robert.parks@bipc.com;Rachel.waters@bipc.com, robin.robbins@bipc.com
- **Jason S Pomerantz**    jspomerantz@pszjlaw.com, jspomerantz@pszjlaw.com
- **David M Powlen**    david.powlen@btlaw.com, pgroff@btlaw.com
- **Michael H Raichelson**    mhr@cabkattorney.com
- **Kurt Ramlo**    kr@lnbyb.com, kr@ecf.inforuptcy.com
- **John P Reitman**    jreitman@lgbfirm.com,
  kalandy@lgbfirm.com;cboyias@lgbfirm.com;rspahnn@lgbfirm.com;srichmond@lgbfirm.com
- **Thomas Rice**    trice@coxsmith.com, phuffstickler@coxsmith.com;aseifert@coxsmith.com
- **Jeremy V Richards**    jrichards@pszjlaw.com, bdassa@pszjlaw.com;imorris@pszjlaw.com
- **Monica Rieder**    mrieder@lgbfirm.com
- **Christopher O Rivas**    crivas@reedsmith.com
- **Holly Roark**    holly@roarklawoffices.com, courtnotices@roarklawoffices.com
- **Brad Robertson**    brad.robertson@cbs.com, brad47@gmail.com
- **S Margaux Ross**    margaux.ross@usdoj.gov, margauxla@yahoo.com
- **Terrel Ross**    tross@trcmllc.com
- **Edward G Schloss** egs2@ix.netcom.com
- **Norman D Schoenfeld**    lsi@liquiditysolutions.com
- **David B Shemano**    dshemano@robinskaplan.com
- **Jonathan Shenson**    jshenson@shensonlawgroup.com

- **Alan R Smith**   mail@asmithlaw.com
- **Joon W Song**   jsong@thesonglawgroup.com
- **Tiffany Strelow Cobb**   tscobb@vorys.com
- **Kelly Sweeney**   ksweeney@spiwakandiezza.com
- **Robert Tannor**   rtannor@creditorliquidity.com
- **United States Trustee (SV)**   ustpregion16.wh.ecf@usdoj.gov
- **Sharon Z Weiss**   sharon.weiss@bryancave.com, raul.morales@bryancave.com
- **Dennis J Wickham**   wickham@scmv.com, nazari@scmv.com
- **Eric R Wilson**   kdwbankruptcydepartment@kelleydrye.com, MVicinanza@ecf.inforuptcy.com
- **Douglas Wolfe**   dwolfe@asmcapital.com
- **Victor Yoo**   vjy@taxlawyersgroup.com
- **Bruce J Zabarauskas**   bruce.zabarauskas@tklaw.com
- **Amy A Zuccarello**   azuccarello@sandw.com
- **Roye Zur**   rzur@lgbfirm.com, kalandy@lgbfirm.com;rspahnn@lgbfirm.com;srichmond@lgbfirm.com

## 2. SERVED BY UNITED STATES MAIL (continued):

Richard M. Pachulski, Esq.
Jeffrey W. Dulberg, Esq.
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, California 90067-4003

Lisa S. Tsai, Esq.
William T. Reid IV, Esq.
Reid Collins & Tsai LLP
1301 S. Capital of Texas Hwy, Suite C300
Austin, Texas 78746

Eric D. Madden, Esq.
Reid Collins & Tsai LLP
Thanksgiving Tower
1601 Elm Street, Suite 4250
Dallas, Texas 75201

S. Margaux Ross, Esq.
United States Trustee (SV)
915 Wilshire Blvd, Suite 1850
Los Angeles, California 90017

David B. Golubchik, Esq.
Levene, Neale, Bender, Yoo & Brill LLP
10250 Constellation Boulevard, Suite 1700
Los Angeles, CA 90067

Eric R. Wilson, Esq.
William S. Gyves, Esq.
Kelley Drye & Warren LLP
101 Park Avenue
New York, NY 10178