# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| In re:<br>KSL MEDIA, INC., *et al.*,<br>　　　　Debtors. | Case No.: CV 16-2204-DMG<br><br>Chapter 7 Case No. 1:13-bk-15-929-MB |
| LANDAU GOTTFRIED & BERGER LLP,<br>　　　　Appellant,<br>　v.<br>KELLEY DRYE & WARREN LLP, PACHULSKI STANG ZIEHL & JONES LLP and PROVINCE, INC.,<br>　　　　Appellees. | **CONSENT ORDER FOR LIMITED REMAND TO BANKRUPTCY COURT [29]** |

In their Joint Stipulation Requesting a Limited Remand to Bankruptcy Court ("Joint Stipulation"), appellant Landau Gottfried & Berger LLP ("LGB") and appellees Kelley Drye & Warren LLP ("KDW"), Pachulski Stang Ziehl & Jones LLP ("PSZJ") and Province, Inc. ("Province") request a remand of this appeal to the United States Bankruptcy Court for the Central District of California for the limited purpose of revesting that court with jurisdiction to consider and rule on the parties' pending Joint Motion Under Bankruptcy Rule 9019 for Order Approving Settlement.

A limited remand pursuant to Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 8008 is necessary to secure the required Bankruptcy Court approval of a settlement agreement that resolves all disputes that have arisen between the following parties: David K. Gottlieb ("Trustee") in his capacity as chapter 7 trustee in the above-captioned jointly administered bankruptcy cases of debtors KSL Media, Inc., T.V.10's LLC and Fulcrum 5, Inc. (collectively, "Debtors"), and three of the Trustee's professionals: KDW, PSZJ and Province, on the one hand; and the Debtors' prior counsel, LGB, and one of LGB's partners, Rodger M. Landau ("Landau"), on the other hand (the "Settlement Agreement").

Among other things, the Settlement Agreement that has been presented for Bankruptcy Court approval would resolve all issues raised in this appeal. Although the Settlement Agreement requires Bankruptcy Court approval pursuant to Bankruptcy Rule 9019, this appeal has divested the Bankruptcy Court of jurisdiction to consider and rule on the terms of the Settlement Agreement.

Of particular import to the appeal pending before this Court, the Settlement Agreement provides that the Bankruptcy Court's vacatur of the sanctions order from which this appeal was taken (the "Sanctions Order") is a necessary condition of the parties' settlement. While the appeal is pending, the Bankruptcy Court lacks jurisdiction to vacate the Sanctions Order and effectuate the settlement. In its Memorandum of Indicative Ruling ("Memorandum") attached as Exhibit A to the

Joint Stipulation, the Bankruptcy Court states that if this Court were to remand this matter for the limited purpose of ruling on the Joint Rule 9019 Motion, the Bankruptcy Court would vacate the Sanctions Order. The parties to this appeal thus have jointly requested that this Court remand the matter.

Bankruptcy Rule 8008 authorizes the Bankruptcy Court to communicate to this Court via an "indicative ruling" the Bankruptcy Court's intention to approve the settlement if the appeal is remanded for the limited purpose of revesting the Bankruptcy Court with jurisdiction to do so.

Here, pursuant to Bankruptcy Rule 8008, the Bankruptcy Court on May 3, 2017 signed and entered the Memorandum advising that it would approve the parties' Settlement Agreement if the pending appeal is remanded for the limited purpose of revesting it with the jurisdiction required to do so.

Under the circumstances presented here, the Court finds that a limited remand for these purposes is warranted and appropriate as it will facilitate the efficient, amicable and global resolution of all disputes that have arisen between the parties.

Good cause thus appearing, the Court GRANTS the relief requested in the Joint Stipulation and hereby orders that this appeal is remanded to the Bankruptcy Court for the limited purpose of revesting that court with jurisdiction to consider and rule on the parties' pending Joint Motion Under Bankruptcy Rule 9019 for Order Approving Settlement or otherwise approve the terms of the parties' settlement.

IT IS SO ORDERED.

DATED: May 19, 2017

_____
DOLLY M. GEE
UNITED STATES DISTRICT JUDGE

cc: Bankruptcy Court